**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(BEAUFORT DIVISION - ADMIRALTY)**

| | |
|---|---|
| In the Matter of: | **CIVIL ACTION NO.** 9:22-cv-423-RMG |
| MARTIN J. BARONI, Owner of a 2017 27' Everglades Model 273cc, HIN # RJDDA0171617, South Carolina Registration #SC-9362-DF, her engines, tackle, apparel, appurtenances, etc. | **COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |
| For Exoneration from or Limitation of Liability | |

NOW COMES Martin J. Baroni ("Limitation Plaintiff") as Owner of a 2017 27' Everglades Model 273cc, HIN # RJDDA0171617, South Carolina Registration #SC-9362-DF, her engines, tackle, apparel, appurtenances, etc., and seeks exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Supplementary Rules of the Federal Rules of Civil Procedure and as otherwise may be allowed by law, and alleges the following:

1. This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that the Limitation Plaintiff has been sued with respect to the incident for which he seeks to exonerate or limit liability.

2. Limitation Plaintiff is a resident of Hilton Head, Beaufort County, South Carolina.

3.  At all pertinent times, Limitation Plaintiff was and is the registered owner of a vessel of fiberglass construction, a 2017 27' Everglades Model 273cc, HIN # RJDDA0171617, South Carolina Registration #SC-9362-DF, her engines, tackle, apparel, appurtenances, etc. ("Vessel").

4.  On September 12, 2021, the Vessel sailed from at or near 36 Widewater Road, Hilton Head, Beaufort County, South Carolina, 29926 ("Commencement/Termination Location") for a voyage upon the waters of Broad Creek, and the Intracoastal Waterway/Calibogue Sound, navigable bodies of water ("Voyage").

5.  Limitation Plaintiff and his minor son were aboard the Vessel for a not for-hire, recreational pleasure voyage, with no pending freight.

6.  Shortly after 4:00 pm on September 12, 2021, the Vessel was underway and making way in unremarkable weather, wind, and sea conditions, when suddenly and unexpectedly, another watercraft, a 22'+/- 2021 Bentley 223 Navigator bearing HIN BAG05012B121 and SC Registration SC-5689-DP pontoon ("Pontoon") collided with the Vessel ("Incident").

7.  Upon information and belief, the Pontoon had been chartered (rented) that day from Windsurfing Hilton Head, Inc., d/b/a Outside Brands, and was then operated by Michael B. Kassey, Jr., an inexperienced boater, on a recreational pleasure voyage.

8.  The Pontoon was travelling in a South/Southeast direction when it encountered the Vessel, traveling Northeast, in a crossing situation. The general position of the Vessel was to starboard (the right-hand side) of the Pontoon.

9.  At the time of the collision, the Pontoon was the "give way" vessel and the Vessel was the "stand on" vessel and enjoyed the right of way, pursuant to the applicable rules of the road and good seamanship.

10. Passengers aboard the Pontoon at the time of the collision included Tamara Becker, Dale Becker and Diane M. Kassey.

11. After the collision and checking for damages and injuries, Limitation Plaintiff and the Vessel returned to the Commencement / Termination location where the Voyage ended the same day it commenced.

12. There were no injuries to the persons aboard the Vessel.

13. Upon information and belief, no damages and no alleged injury/ies to anyone aboard the Vessel, Pontoon, or otherwise, was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible.

14. Upon information and belief, the Incident and any alleged injuries happened without the concurrence of any fact within the privity or knowledge, at or prior to the commencement of the aforesaid Voyage, of the Limitation Plaintiff.

15. The Limitation Plaintiff therefore invokes the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501, *et. seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. In this regard, the Limitation Plaintiff will show that neither he nor the Vessel is liable to any extent, and that they are each entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiff will show that, in the event he is found liable to any parties by reason of the Incident described herein, the Limitation Plaintiff is entitled to limit his liability to the value of the Vessel immediately after the Incident.

16. The Limitation Plaintiff used diligence to ensure that the Vessel was seaworthy and at the commencement of the Voyage she was tight, staunch, strong, fully equipped and supplied, seaworthy and fit for the service in which she was engaged.

17. The Limitation Plaintiff has knowledge of three personal injury lawsuits against him arising out of the Incident, identified as follows: *Dale Becker v. Martin Baroni,* Beaufort County file number 2021-CP-07-2075; *Tamara Becker v. Martin Baroni*, Beaufort County file number 2021-CP-07-2076 and *Diane M. Kassey v. Martin Baroni*, Beaufort County file number 2021-CP-07-2073. Although other claims are possible, Limitation Plaintiff is informed and believes that, insofar as can be determined, there are no (or not yet) other demands, claims, liens, or claims of liens, whether in contract or tort, arising out of the Voyage in question.

18. The value of the Limitation Plaintiff's interest in the Vessel at the close of the Voyage did not exceed $161,000.00, as further evidenced by the *Affidavit of Marine Surveyor*, Neil Haynes and accompanying report which is attached hereto as Exhibit A.

19. This Complaint is filed not later than six (6) months after receipt of a claim in writing.

20. Venue for this Complaint lies within this District; the Vessel has not been arrested; the Limitation Plaintiff has been sued relating to the Incident, as described above; the Vessel is located within the District, specifically in Hampton County, South Carolina.

21. A Letter of Undertaking ("LOU") is offered for value of the Vessel, attached hereto as Exhibit B.

21. Limitation Plaintiff invokes admiralty and maritime law and jurisdiction and further seeks exoneration from or limitation of liability for any and all claims arising out of the Voyage and/or Incident.

**WHEREFORE**, the Limitation Plaintiff prays that this Honorable Court will:

a. Enter an Order accepting the Limitation Plaintiff's *ad interim* stipulation of value as approved security for such estimated value of the Limitation Plaintiff's interest in the Vessel and thereupon release the Vessel from any and all liability in the premises, said *ad interim* stipulation and undertaking to be continued in force and effect until the value of the Limitation Plaintiff's interest in the Vessel might be more fully determined, if requested, in which event the Limitation Plaintiff shall, thereupon, either pay the additional amount into Court or issue such additional or proper bond, approved security, or stipulation sufficient to fully cover such appraisal;

b. Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage and/or Incident, citing and admonishing them to answer the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

c. Issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the aforesaid Voyage and/or Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiff, except in these proceedings for exoneration from or limitation of liability and also enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or Incident;

d.      Order that said notice as required by Supplemental Rule F(4) shall be published in <u>The Beaufort Gazette</u>, a general circulation printed and published in Beaufort, South Carolina; once each week for four (4) consecutive weeks before the return date of the notice;

e.      Adjudge and decree in this proceeding that the Limitation Plaintiff and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or incidental to the matters, Voyage and Incident aforesaid; or if the Court shall adjudge that the Limitation Plaintiff and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiff be limited to the value of his interest in the Vessel as of September 12, 2021, and that the monies paid or secured to be paid as aforesaid be divided *pro rata* among the claims filed as provided by law, and that the Limitation Plaintiff and the Vessel be discharged from all further liability;

f.      If Limitation Plaintiff shall be found liable, a declaration that Limitation Plaintiff shall be indemnified by the party or parties, currently known or unknown, who are either wholly or primarily responsible for any alleged injuries or damages arising out of the Incident;

g.      Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in any other proceeding related to the Incident or the alleged acts or omissions of Limitation Plaintiff; and

h.      Enter such other Orders as will give to the Limitation Plaintiff and the Vessel such other and further relief as may be just and proper in the premises.

KERNODLE COLEMAN

By: /s/Suzanne C. Ulmer
   Suzanne C. Ulmer
   Federal Bar No. 10522
   914 Folly Road, Suite 2 (29412)
   P.O. Box 13897
   Charleston, SC 29422
   (843) 795-7800
   (843) 795-3032 Fax
   sulmer@kernodlelaw.com

AND
   Jason R. Harris
   Melanie A. Huffines
   Cranfill Sumner LLP
   101 N. 3rd Street, Suite 400
   Wilmington, NC 28401
   (910) 777-6000
   (910) 777-6142 Fax
   jharris@cshlaw.com
   mhuffines@cshlaw.com
   *Pro Hac Vice* admission pending

ATTORNEYS FOR LIMITATION PLAINTIFF

February 10, 2022

Charleston, South Carolina